NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARRY MICHAELS,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>JEFFERSON B. SESSIONS III[*], Attorney General; THOMAS E. BRANDON, Deputy Director, Head of the Bureau of ATF,<br><br>    Defendants-Appellees. | No. 17-15279<br><br>D.C. No. 2:16-cv-00578-JAD-PAL<br><br>MEMORANDUM[**] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted October 23, 2017[***]

Before:  LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

 Barry Michaels appeals from the district court's judgment dismissing his

---

  [*]  Jefferson B. Sessions III has been substituted for his predecessor, Loretta E. Lynch, as United States Attorney General under Fed. R. App. P. 43(c)(2).

  [**]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [***]  The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

action challenging the constitutionality of 18 U.S.C. § 922(g)(1) under the Second Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). We affirm.

The district court properly dismissed Michaels's action because prior precedent forecloses Michaels's as-applied challenge to § 922(g)(1). *See United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010) (stating that "felons are categorically different from the individuals who have a fundamental right to bear arms," and upholding § 922(g)(1) against a Second Amendment challenge); *see also United States v. Phillips*, 827 F.3d 1171, 1174-75 (9th Cir. 2016) (rejecting as foreclosed by precedent the argument that imposing § 922(g)(1) on non-violent felons violates the Second Amendment).

We reject as meritless Michaels's contention that the district court committed reversible error by failing to apply strict scrutiny. *See United States v. Chovan*, 735 F.3d 1127, 1136-38 (9th Cir. 2013) (holding that a statute "does not implicate this core Second Amendment right [if] it regulates firearm possession for individuals with criminal convictions").

We do not consider matters not specifically and distinctly raised and argued

2                                                                17-15279

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**